**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARY SMITH, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | No. 2:13-cv-5253 (WHW) |
| | : | |
| CONSECO LIFE INS. CO., | : | |
| | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

Defendant moves for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The motion, decided from the written submissions of the parties under Rule 78, is granted.

**FACTUAL AND PROCEDURAL HISTORY**

William Michael Patterson purchased a life insurance policy in December 1993 from Massachusetts General Life, the predecessor to Conseco Life Insurance Company ("Conseco Life" or "Defendant"). Compl. ¶ 3 (ECF No. 1); Def.'s Mot. for Partial J. on the Pleadings ("Def.'s Mot. JOP"), Certification of E. Kenny ("Kenny Cert.") ¶ 5 (ECF No. 10-2); *id.* Ex. C (the "Policy"). Plaintiff, Mary Smith, was the named beneficiary. Compl. ¶ 4; Policy at CLIC000017. Patterson died October 2, 2012 at age 67. Compl. ¶ 8. Plaintiff filed a claim for benefits of $300,000, *id.* ¶ 9, but Defendant denied it because it had canceled the policy after Patterson stopped making premium payments in July 2012, *id.* ¶ 10.

Plaintiff filed her complaint on September 2, 2013. It states two counts: one for breach of contract and one that Defendant "acted in bad faith." *Id.* ¶¶ 11-19. Both are grounded in the same allegations: that Defendant failed to notify the insured (or a third party) that he had fallen behind

1

**NOT FOR PUBLICATION**

on his premium payments, *id.* ¶¶ 13, 17, that this failure caused the lapse in the policy, *id.* ¶ 14, and that Defendant wrongly denied Plaintiff's claim for benefits, *id.* ¶ 18. In addition, Plaintiff accuses Defendant of failing to annually remind the insured of his right to designate a third party to receive such notices, as required by a New Jersey statute regarding senior citizen insureds. *See id.* ¶¶ 6-7 (citing N.J.A.C. § 11:2-19.3).[1]

In its answer, Defendant admits that Plaintiff was the "named beneficiary" of the insured's policy, Answer ¶ 4 (ECF No. 3), and that it canceled the policy and denied the claim because of failure to pay premiums after July 2012, *id.* ¶ 10. But it denies that this amounts to a breach of contract, that it acted in bad faith or that it caused Plaintiff any damages. *Id.* ¶¶ 13-15, 17-19. Defendant also denies that N.J.A.C. § 11:2-19.3 (i.e., N.J.S.A. § 17:29C-1.2) is applicable to this case. *Id.* ¶¶ 6-7.

On March 10, 2014, Defendant moved for partial judgment on the pleadings, arguing that the reason N.J.S.A. § 17:29C-1.2 does not apply is because it became effective in 2000 and is not "retroactive" to policies entered before that year. Def.'s Mot. JOP at 2. Plaintiff argues that retroactivity is not at issue. Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings at 4, 22 (ECF No. 11-3). In reply, Defendant clarified that it moves only with regard to the third party notice statute, not with regard to Plaintiff's accusations about notice to the insured. Def.'s Reply at 1 (ECF No. 12).

The parties' submissions did not address the question of whether N.J.S.A. § 17:29C-1.2 implies a private right of action, so on June 10, 2014, the Court asked the parties to submit briefs on that issue. Letter order (ECF No. 14) (citing *Estate of Gleiberman v. Hartford Life Ins. Co.*,

---

[1] This is the regulatory enactment of N.J.S.A. § 17:29C-1.2.

**NOT FOR PUBLICATION**

94 Fed. App'x 944, 947 (3d Cir. 2004), which states that N.J.S.A. § 17:29C-1.2 does not contain an explicit private right of action). The parties did so. (ECF Nos. 15, 17.)

## STANDARD OF REVIEW

A motion under Rule 12(c) is decided under the same standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). That standard requires a court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than mere speculation: "[a] motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" *Bangura v. City of Philadelphia*, 338 Fed. App'x 261, 264 (3d Cir. 2009) (citing *Twombly*).

In aid of its analysis, the Court may consider the allegations of the complaint, as well as documents "integral to or specifically relied on in the complaint" without converting the motion to one for summary judgment. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *see also* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

§ 1357 at 299 (3d ed. 2014) (noting that courts routinely consider "exhibits attached to the complaint whose authenticity is unquestioned").

A federal court sitting in diversity must apply the substantive law of the forum state. *Highland Ins. Co. v. Hobbs Group, LLC*, 373 F.3d 347, 351 (3d Cir. 2004). Where the state's supreme court has not ruled on an issue, the court must predict how it would rule. *Holmes v. Kimco Realty Corp.*, 598 F.3d 115, 118 (3d Cir. 2010). "To that end the federal court may consider a wide range of reliable sources, including relevant state precedents, analogous decisions and reasoned dicta, as well as the policies and doctrinal trends informing and emerging from those decisions." *Highland Ins. Co.*, 373 F.3d at 351.

## DISCUSSION

The first question is whether Plaintiff may assert a private right of action for violation of N.J.S.A. § 17:29C-1.2. She cannot.

**I.    The New Jersey Standard for an Implied Private Right of Action.**

The Third Circuit has said, with regard to N.J.S.A. § 17:29C-1.2, "this statute does not provide a private right of action." *Estate of Gleiberman*, 94 Fed. App'x at 947 (finding that the district court correctly dismissed a statutory claim for this reason, among others). Instead, under New Jersey Administrative Code § 11:2-19.4, violation of this statute (codified in the Administrative Code at § 11:2-19.3) subjects an insurer to penalties under N.J.S.A. §§ 17:33-2 and 17B:21-2, which explain that fines of $1,000 to $2,000 "shall be enforced and collected by" the commissioner of the state's Department of Banking and Insurance (DOBI).

Although a statute lacking an explicit private right of action may imply one, "New Jersey courts have been reluctant to infer a statutory private right of action where the Legislature has not expressly provided for such action." *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins.*

4

*Co.*, 168 N.J. 255, 271 (2001). Determining if a private right of action exists is based on whether: "(1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy." *Id.* at 272 (applying the test from *Cort v. Ash*, 422 U.S. 66 (1975), as adopted by New Jersey in *In re State Comm'n of Investigation*, 108 N.J. 35, 41 (1987)). In considering these factors, "the primary goal has almost invariably been a search for the underlying legislative intent." *Id.* (quoting *Jalowiecki v. Leuc*, 182 N.J. Super. 22, 30 (App. Div. 1981)).[2] It is particularly "unlikely" to find a private right of action in an area, like insurance, where a comprehensive legislative scheme provides for enforcement by regulators: "[i]n the context of insurance statutes, our courts have . . . concluded that where there is no discernable legislative intent to authorize a private cause of action in a statutory scheme that already contains civil penalty provisions, the courts will not infer a private cause of action." *Id.* at 275. *See also Medical Society of N.J. v. Ameri-Health HMO, Inc.*, 376 N.J. Super. 48, 59 (App. Div. 2005) ("This is specifically the case with insurance statutes.").

In *R.J. Gaydos*, plaintiff insurance agents asserted a breach of contract claim premised on violation of a state insurance regulation, the Fair Automobile Insurance Reform Act ("FAIRA"). 168 N.J. at 271. Applying the three-part *Cort* test, the New Jersey Supreme Court declined to find an implied private right of action because the statute was designed to benefit consumers, not

---

[2] The Third Circuit has noted that the three-part test from *Cort* is now disfavored and instead, the focus is solely on legislative intent. *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3d Cir. 2007). Because this case is here on diversity jurisdiction, however, the relevant law is that of New Jersey, where legislative intent is the "primary" but not exclusive focus. *See, e.g.*, *Brockwell & Carrington Contractors, Inc. v. Dobco, Inc.*, A-4869-11T3, 2013 WL 6800074, at *5 (N.J. Super. Ct. App. Div. Dec. 26, 2013).

agents, because there was no indication of legislative intent to create a private right of action, given that the "statutory scheme vests enforcement powers exclusively in the Commissioner," and because allowing such an action would "undermine the State's ability to properly regulate" the industry. *Id.* at 279-81. The court remanded the matter to the trial court with instructions to refer to the DOBI the determination of whether the insurer had violated the FAIR Act. *Id.* at 283-84. If it had, the Court said, the plaintiff could return to court on a claim for breach of the implied duty of good faith and fair dealing. *Id.* Other cases have also declined to find private rights of action under New Jersey insurance statues. *See, e.g., Assoc. of N.J. Chiropractors, Inc. v. Horizon Healthcare Svcs., Inc.*, No. A-6033-11T4, 2013 WL 5879517, at *4 (N.J. Super. Ct. App. Div. Nov. 4, 2013) (affirming the trial court's finding that a state statute does not allow chiropractors a private right of action because the statute was designed to benefit consumers, not practitioners, there were no signs of legislative intent, and allowing practitioners a private right of action "would create tension with the [DOBI's] extensive regulatory authority"); *Med. Soc'y of N.J. v. AmeriHealth HMO, Inc.*, 376 N.J. Super. 48, 58 (N.J. App. Div. 2005) (affirming a trial court's finding that a state statute regarding payment of health care providers does not allow an association of physicians a private right of action, finding instead that it must file a complaint with the DOBI). *But see Ensey v. Gov't Employers Ins. Co.*, No. 12-cv-07669 JEI, 2013 WL 5963113, at *3 (D.N.J. Nov. 7, 2013) ("Failure to satisfy this statutory obligation [regarding uninsured motorist coverage] can ground a private right of action.") (citing *Weinsich v. Sawyer*, 123 N.J. 333, 340 (1991); *Avery v. Wysocki*, 302 N.J. Super. 186, 191 (App. Div. 1997)), *recon. denied*, 2014 WL 941359 (D.N.J. Mar. 11, 2014).

New Jersey's state courts have not addressed whether an implied private right of action exists under N.J.S.A. § 17:29C-1.2 and the Third Circuit in *Gleiberman* addressed only the

**NOT FOR PUBLICATION**

absence of an explicit right of action. The Court has considered whether to infer a private right of action based on its best prediction of how the Supreme Court of New Jersey would treat the issue and the submissions of the parties.

    a) **There is No Implied Private Right of Action Under the Statute.**

The Supreme Court of New Jersey would most likely find no implied private right of action for violation of N.J.S.A. § 17:29C-1.2.

Here, Plaintiff is a member of the class for whose benefit the statute was enacted—namely, the beneficiary of a life insurance policy held by an insured until a few months before his death. This weighs in favor of finding an implied private right of action.

But, as in *R.J. Gaydos*, there is no evidence that the New Jersey Legislature intended to create a private right of action and inferring one would run counter to the legislative scheme. There is no language in the statute implying a private right of action, and the state Assembly and Senate committee reports unfortunately do little more than repeat verbatim the words of the statute as adopted. Staff of Assemb. Comm. on Senior Issues and Cmty. Svcs., 208th Leg., Rep. on A.B. 307 (1998); Staff of S. Comm. on Senior Citizens, Veterans' Affairs and Human Svcs., 208th Leg., Rep. on A.B. 307 (1999). The question is not, as Plaintiff suggests, whether "the New Jersey State Legislature intended to afford greater protections to senior citizen insureds," Pl.'s Supp. Br. at 2-5 (ECF No. 17), as indicated by the language of the statute and the legislature's unanimous support for the measure, *id.* at 9 n.5, but whether there was intent to create a private right of action. *See, e.g.*, *Beye v. Horizon Blue Cross Blue Shield of N.J.*, 568 F. Supp. 2d 556, 571 (D.N.J. 2008) ("[T]he key inquiry is whether Congress intended to provide the plaintiff with a private right of action.") (quoting *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d

7

**NOT FOR PUBLICATION**

1117, 1121–22 (9th Cir. 2000)). The lack of any such intent weighs against inferring a right of action.

It would not be consistent with the legislative scheme to infer a private remedy. Though the statute subjects violators to fines of up to $2,000, Plaintiff says "[t]he $2,000 fine is not sufficient to accomplish the remedial purpose of the statute to prevent lapses in coverage . . . " Pl.'s Supp. Br. at 9. Plaintiff also points to two cases where courts have allowed private rights of action for violation of statutory notice provisions: *Echevarias v. Lopez*, 240 N.J. Super. 104 (App. Div. 1990) and *Barbara Corp. v. Bob Maneely Ins. Agency*, 197 N.J. Super. 339 (App. Div. 1984). In those cases, New Jersey's Appellate Division held that an insurer could be liable under § 17:29C-1, a state statute requiring insurers to notify their insureds of any plan to not renew a policy. In *Barbara Corporation*, the court held that § 17:29C-1 required an insurer to notify its insured it was being cut off, regardless of whether its plan to not renew was absolute or conditional. 197 N.J. Super at 345. The court said that this reading of the statute was "necessary to effectuate fully the legislative intent—the prevention of lapse in coverage." Neither case discusses the fact that the statute does not provide an explicit right of action and that § 17:29C-1, like § 17:29C-1.2, is governed by the civil penalty provisions of § 17:33-2. Importantly, these cases predate the guidance from the Supreme Court of New Jersey in *R.J. Gaydos*.

A private right of action is not consistent with the "underlying purpose of the legislative scheme." This Court is obliged to heed the words of New Jersey's Supreme Court, which disfavors finding an implied private right of action in the context of a "comprehensive legislative scheme including an integrated system of procedures for enforcement," such as "civil penalty provisions." *R.J. Gaydos*, 168 N.J. at 275 (quoting *In re Commissioner of Insurance's March 24,*

8

*1992 Order*, 256 N.J. Super. 158, 176 (App.Div. 1992)). The course set out in *R.J. Gaydos* holds here as well.

### b) Conclusion

Because the Court finds that Plaintiff cannot assert a private right of action for violation of N.J.S.A. § 17:29C-1.2, it does not reach the question of whether the statute applies retroactively.

## CONCLUSION

Defendant's motion is granted with regard to Plaintiff's statutory claim under N.J.S.A. § 17:29C-1.2 and N.J.A.C. § 11:2-19.3. Plaintiff's claim, to that extent only, is dismissed with prejudice.

July 8, 2014

**/s/ William H. Walls**
United States Senior District Judge
