NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY SMITH,<br><br>                Plaintiff,<br>     v.<br><br>CONSECO LIFE INS. CO.,<br><br>                Defendant. | **MEMORANDUM**<br>**OPINION AND ORDER**<br><br>No. 2:13-cv-5253 (WHW) |

### Walls, Senior District Judge

Plaintiff alleges that Defendant cancelled her husband's life insurance policy without notifying Plaintiff or her husband, and then wrongfully denied Plaintiff the proceeds of the policy after her husband died. The Court ruled that Plaintiff could not recover for Defendant's failure to notify her, holding that the relevant third-party notice statute did not create a private right of action. Op. and Order of July 8, 2014, ECF Nos. 18-19. Plaintiff now moves for leave to file an interlocutory appeal of that decision. Decided without oral argument under Fed. R. Civ. P. 78(b), Plaintiff's motion is denied.

### FACTS AND PROCEDURAL HISTORY

Plaintiff's deceased husband, William Patterson, bought a life insurance policy from Defendant's predecessor corporation in 1993, naming Plaintiff as the beneficiary. Op. of July 8, 2014 at 1, ECF No. 18. Patterson stopped paying the premiums, and Defendant cancelled the policy in July of 2012. *Id.* Patterson died on October 2, 2012. Plaintiff then filed a claim for benefits under the policy, but Defendant denied it. *Id.*

**NOT FOR PUBLICATION**

Plaintiff brought this action to recover the policy proceeds, alleging that (1) Defendant did not provide notice of the policy's cancellation to a third party, as required by N.J.S.A. § 17:29C-1.2; (2) Defendant did not provide notice of the policy's cancellation to Mr. Patterson himself, as required under the policy's terms; and (3) Defendant denied the claim in bad faith. Compl., ECF No. 1.

Defendant moved for partial judgment on the pleadings, ECF No. 10, seeking to dismiss the third-party notice claim. Def.'s Reply 1, ECF No. 12. The Court granted Defendant's motion, holding that N.J.S.A. § 17:29C-1.2 does not grant a private right of action. ECF Nos. 18-19. Still pending are the claims that Defendant failed to notify Plaintiff's decedent of the policy's cancellation and acted in bad faith. *Id.* at 2.

Plaintiff now requests an interlocutory appeal of the dismissal of the third-party notice claim. ECF No. 21. Plaintiff offers that the issue should be appealed immediately because of its novelty, and attempts to cast doubt on the Court's opinion by citing the same cases she presented in opposition to Defendant's motion. Pl.'s Br. 3-6. Citing the Court's decision, Defendant contests the existence of a substantial ground for difference of opinion on this issue, and warns of the inconvenience of a piecemeal appeal. Def.'s Opp'n. 7.

## DISCUSSION

**Standard of Review**

When a district court dismisses one cause of action but other causes of action remain pending, the non-prevailing party may pursue an interlocutory appeal only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a

**NOT FOR PUBLICATION**

difference of opinion, and (3) the final resolution of the appeal has the potential to materially advance the determination of the litigation. 28 U.S.C. § 1292(b); *see also Tristani ex rel. Karnes v. Richman,* 652 F. 3d 360, 365 (3d Cir. 2011). Any appeal under 28 U.S.C. § 1292(b) represents a "deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." *Interfaith Cmty. Org., Inc. v. PPG Industries, Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). "The decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Barrios v. Suburban Disposal, Inc.*, 2014 WL 3058516 (D.N.J. July 7, 2014) (internal quotations and citation omitted).

**Analysis**

    1.  **The Order Involves a Controlling Question of Law**

Defendant does not dispute that the question of law is controlling. Def.'s Br. 6, ECF No. 23.

    2.  **There is No Substantial Ground for a Difference of Opinion**

"Mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)." *Interfaith Cmty. Org.*, 702 F. Supp. 2d at 319. The "difference of opinion" must be a "genuine doubt as to the correct legal standard." *Id.* Courts may even refuse to find "genuine doubt" after reviewing contrary holdings in other districts and circuit courts of appeal, if those decisions are not controlling. *Id.*

In this case, there is no substantial ground for difference of opinion as to the standard for finding an implied private right of action under New Jersey law. Op. 4-6, ECF No. 18. As the

**NOT FOR PUBLICATION**

Court held, there is no evidence that the New Jersey Legislature intended to create a private right of action when it enacted N.J.S.A. § 17:29C-1.2, and inferring one would run counter to the legislative scheme. *Id.* 7-8. Plaintiff cites no controlling authority to the contrary. Although this Court was the first to rule that the statute did not create a private right of action, not all matters of first impression produce genuine doubt as to the correct legal standard. The lack of definitive guidance from the Third Circuit or the Supreme Court of New Jersey may create room for speculation on how they might resolve the matter, but absent any authority to suggest that the Court erred here, the speculation does not rise to a *substantial* ground for a difference of opinion.

### 3. Final Resolution of the Appeal Would Not Materially Advance the Determination of the Litigation

Plaintiff can challenge the Order of July 8, 2014, together with any other issues for appeal, following the final disposition of the action. Should Plaintiff recover the proceeds of the policy on her breach of contract theory, the appeal would be unnecessary. This, coupled with the unlikelihood of Plaintiff's success on appeal, means an interlocutory appeal is more likely to delay than expedite the resolution of the case.

### CONCLUSION AND ORDER

The Court declines to burden the Court of Appeals with piecemeal review of this case. It is therefore ORDERED that

Plaintiff's motion for a certificate of appealability, ECF No. 21, is denied.

Dated: 21 October 2014

United States Senior District Judge

4